# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANTONIO ESCOBEDO, an individual,,<br><br>    Plaintiff,<br>v.<br><br>COUNTRYWIDE HOME LOANS, INC., a corporation; and DOES 1 through 20 inclusive,<br><br>    Defendants. | CASE NO. 09cv1557 BTM(BLM)<br><br>**ORDER GRANTING IN PART AND DENYING IN PART MOTION TO DISMISS; ORDER DENYING MOTION TO STRIKE PUNITIVE DAMAGES ALLEGATIONS** |

Defendant Countrywide Home Loans, Inc. ("Defendant" or "Countrywide"), has filed a motion to dismiss Plaintiff's Complaint for failure to state a claim. For the reasons discussed below, Defendant's motion is **GRANTED** as to Plaintiff's first cause of action for breach of contract and second cause of action for declaratory relief. Defendant's motion is **DENIED** as to Plaintiff's third, fourth, and fifth causes of action. Defendant has also filed a motion to strike Plaintiff's punitive damages allegations. Defendant's motion to strike is **DENIED**.

## I. FACTUAL BACKGROUND

In February 2007, Plaintiff took out a loan that was secured by his home. (Compl. ¶ 15.) Plaintiff alleges that on a date unknown, Countrywide began acting as an agent for the

beneficiary of the loan and became the servicer of the loan. (Compl. ¶ 17.)

On April 17, 2009, Countrywide and Fannie Mae entered into a Servicer Participation Agreement ("Agreement") for the Home Affordable Modification Program under the Emergency Economic Stabilization Act of 2008. (Ex. 1 to Compl.) The Agreement provided that Countrywide shall perform the loan modification and other foreclosure prevention services described in the Financial Instrument (attached to the Agreement) and the program guidelines and procedures issued by the Treasury.

Plaintiff alleges that when he attempted a modification of his loan, Countrywide would not provide him with a modification. (Compl. ¶ 20.) Plaintiff also alleges that after he stopped making payments, Countrywide began harassing him in an attempt to collect payments on the loan. (Compl. ¶ 21.)

Plaintiff asserts causes of action for: (1) breach of written contract; (2) declaratory relief; (3) violation of California's Rosenthal Fair Debt Collection Practices Act ("RFDCPA"), Cal. Civ. Code §1788, et. seq.; (4) invasion of privacy; and (5) unfair business practices in violation of Cal. Bus. & Prof. Code § 17200.

## II. STANDARD

Under Fed. R. Civ. P. 8(a)(2), the plaintiff is required only to set forth a "short and plain statement" of the claim showing that plaintiff is entitled to relief and giving the defendant fair notice of what the claim is and the grounds upon which it rests. Conley v. Gibson, 355 U.S. 41, 47 (1957). A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) should be granted only where a plaintiff's complaint lacks a "cognizable legal theory" or sufficient facts to support a cognizable legal theory. Balistreri v. Pacifica Police Dept., 901 F.2d 696, 699 (9th Cir. 1988). When reviewing a motion to dismiss, the allegations of material fact in plaintiff's complaint are taken as true and construed in the light most favorable to the plaintiff. See Parks Sch. of Bus., Inc. v. Symington, 51 F.3d 1480, 1484 (9th Cir. 1995). Although detailed factual allegations are not required, factual allegations "must be enough to raise a right to relief above the speculative level." Bell Atlantic v. Twombly, 550 U.S. 544, 555

(2007).  "A plaintiff's obligation to prove the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do."  Id.

## III. DISCUSSION

### A. Breach of Contract

Plaintiff attempts to sue on the Agreement as a third-party beneficiary.  Countrywide argues that Plaintiff lacks standing to sue because he is not an intended third-party beneficiary.  The Court agrees with Countrywide.

The Agreement is governed by and must be construed under federal law.  (Agreement, § 11A).  In applying federal law regarding third-party beneficiaries, the Ninth Circuit is guided by the Restatement of Contracts.  See Klamath Water Users Protective Ass'n v. Patterson, 204 F.3d 1206, 1210-11 (9th Cir. 2000).  The Restatement on Contracts explains:

> (1) Unless otherwise agreed between promisor and promisee, a beneficiary of a promise is an intended beneficiary if recognition of a right to performance in the beneficiary is appropriate to effectuate the intention of the parties and . . . (b) the circumstances indicate that the promisee intends to give the beneficiary the benefit of the promised performance.
>
> (2) An incidental beneficiary is a beneficiary who is not an intended beneficiary.

Restatement (Second) of Contracts § 302 (1979) ("Restatement").

"To sue as a third-party beneficiary of a contract, the third party must show that the contract reflects the express or implied intention of the parties to the contract to benefit the third party."  Klamath, 204 F.3d at 1211.  "One way to ascertain such intent is to ask whether the beneficiary would be reasonable in relying on the promise as manifesting an intention to confer a right on him or her."  Id. (citing Restatement § 302(1)(b) cmt. d.).

The Ninth circuit cautions, "Parties that benefit from a government contract are generally assumed to be incidental beneficiaries, and may not enforce the contract absent a clear intent to the contrary. See Restatement § 313(2).  'Government contracts often benefit the public, but individual members of the public are treated as incidental beneficiaries

1 unless a different intention is manifested.' Id. cmt. a." Klamath, 204 F.3d at 1211.

2 In Klamath, the Ninth Circuit held that although a contract between the United States and a dam operator operated to the irrigators' benefit and was "undoubtedly entered into with the irrigators in mind," nothing in the contract evinced an intention of the parties to the contract to grant the irrigators enforceable rights. Id. at 1211-12. The Ninth Circuit explained, "[T]o allow them intended third-party beneficiary status would open the door to all users receiving a benefit from the Project achieving similar status, a result not intended by the Contract." Id. at 1212.

As in Klamath, the Agreement was entered into in part for the benefit of qualified borrowers and with these borrowers in mind. However, the language of the contract does not show that the parties intended to grant qualified borrowers the right to enforce the Agreement. Indeed, the Agreement specifies that it "shall inure to the benefit of . . . the *parties to the Agreement and their permitted successors-in-interest*." (Agreement, § 11.E.) (emphasis added).

A qualified borrower would not be reasonable in relying on the Agreement as manifesting an intention to confer a right on him or her because the Agreement does not *require* that Countrywide modify eligible loans. The Agreement sets forth Home Affordable Modification Program *Guidelines.* The Guidelines set forth eligibility requirements and states: "Participating servicers are required to *consider* all eligible loans under the program guidelines unless prohibited by the rules of the applicable PSA and/or other investor servicing agreements." (Compl., Ex. 1 at 42) (emphasis added). The Agreement does not state that Countrywide must modify all mortgages that meet the eligibility requirements.

Qualified borrowers are incidental beneficiaries of the Agreement and do not have enforceable rights under the contract. Therefore, Plaintiff lacks standing to sue for an alleged breach of the Agreement. Defendant's motion is **GRANTED** as to this claim.

**B. Declaratory Relief**

Defendant argues that Plaintiff's declaratory relief claim is duplicative of the breach

of contract claim. In his opposition, Plaintiff agrees to forgo this claim in favor of the breach of contract claim. Therefore, the Court **GRANTS** Defendant's motion as to this claim.

## C. RFDCPA

Defendant argues that Plaintiff's RFDCPA claim should be dismissed because Plaintiff has failed to allege sufficient facts to support such a claim. The Court disagrees.

Although Plaintiff's Complaint is not very detailed, it sufficiently alleges harassing conduct that would violate Cal. Civ. Code §1788.11(d), (e) and § 1788.17 (by violating 15 U.S.C. § 1692b(2), (6)). Plaintiff alleges that Countrywide representatives continuously made telephone calls to Plaintiff, contacting him at his workplace, home phone, and mobile phone. (Compl. ¶¶ 21-23.) Plaintiff also alleges that although Countrywide was provided with the name and phone number of Plaintiff's attorney, Countrywide representatives continued to contact and harass Plaintiff and also contacted Plaintiff's employer. (Comp. ¶¶ 24-25.)

In addition, Plaintiff alleges that Countrywide failed to give him the notice required by Cal. Civ. Code § 1812.700. (Comp. ¶ 50(d)). There is little else that can be pled with respect to a failure to give notice.

Plaintiff has alleged sufficient facts to support a claim under the RFDCPA. Therefore, Defendant's motion to dismiss is **DENIED** as to this claim.

## D. Invasion of Privacy

Defendant seeks to dismiss Plaintiff's invasion of privacy claim on the ground that Plaintiff has not alleged facts establishing (1) a sufficiently serious invasion of his privacy interest; and (2) damages.

The essential elements of a claim for invasion of privacy are: (1) the defendant intentionally intruded upon the solitude or seclusion, private affairs or concerns of the plaintiff; (2) the intrusion was substantial, and of a kind that would be highly offensive to an ordinarily reasonable person; and (3) the intrusion caused plaintiff to sustain injury, damage, loss or harm. Cal. BAJI 7.20.

Repeated phone calls may rise to the level of an intrusion of privacy that supports a cause of action. See Joseph v. J.J. MacIntyre Companies, LLC., 238 F. Supp. 2d 1158, 1169 (N. D. Cal. Dec. 12, 2002) (holding that given the number and pattern of telephone calls alleged, there was a genuine issue of fact as to whether the plaintiff's privacy was invaded). As discussed above, Plaintiff has alleged facts regarding repeated and continuous calls to his home, work, and cell phone in addition to telephone calls to his employer. These facts support a plausible claim of a substantial invasion of privacy that would be offensive to a reasonable person.

As for damages, Plaintiff alleges that as a result of the invasions of privacy, he "was harmed and caused great mental and physical pain." (Compl. ¶ 59.) This allegation is sufficient to satisfy the element of damages. See Miller v. National Broadcasting Co., 187 Cal. App. 3d 1463, 1484-85 (1986) (explaining that where there is a wrongful invasion of privacy, damages may be recovered for mental anguish alone).

Accordingly, Defendant's motion to dismiss is **DENIED** as to Plaintiff's invasion of privacy claim.

### E. Cal. Bus. & Prof. Code § 17200

Defendant argues that Plaintiff's § 17200 claim fails because it is premised on Plaintiff's other claims, which fail to state a claim. However, Defendant's motion was denied as to Plaintiff's RFDCPA and invasion of privacy claims. Therefore, Plaintiff has stated a § 17200 claim.

### F. Motion to Strike

Defendant moves to strike Plaintiff's prayer for punitive damages and punitive damage allegations on the ground that Plaintiff has failed to plead facts establishing that Defendant's acts were oppressive, fraudulent, or malicious and has failed to plead facts establishing that Defendant, as a corporate employer, is liable for any acts of oppression, fraud or malice.

However, under federal pleading requirements, malice and intent may be averred

generally. Clark v. Allstate Ins. Co., 106 F. Supp. 2d 1016, 1020 (S. D. Cal. 2000). "[T]he fact that California courts may impose a heightened pleading requirement on claims for punitive damages is irrelevant, because such a requirement conflicts with federal procedural law." Robinson v. Managed Accounts Receivable Corp., __ F. Supp. 2d __, 2009 WL 2500571 (C.D. Cal. Aug. 4, 2009). Conclusory assertions of intentional and malicious misconduct are sufficient to support a claim for punitive damages. Clark, 106 F. Supp. 2d at 1020.

Plaintiff alleges that Defendants "willfully and intentionally intruded into Plaintiff's solitude, seclusion and private affairs by repeatedly and unlawfully attempting to collect a debt" and that Defendants "acted with oppression or malice." (Compl. ¶¶ 57. 60.) These allegations are sufficient under federal pleading standards. Therefore, Defendant's motion to strike is **DENIED**.

## IV. CONCLUSION

For the reasons discussed above, Defendant's motion to dismiss is **GRANTED IN PART** and **DENIED IN PART**. Defendant's motion is **GRANTED** as to Plaintiff's first cause of action for breach of contract and second cause of action for declaratory relief. Defendant's motion is **DENIED** as to Plaintiff's third, fourth, and fifth causes of action. Defendant's motion to strike Plaintiff's punitive damages allegations is **DENIED**.

**IT IS SO ORDERED.**

DATED: December 15, 2009

Honorable Barry Ted Moskowitz
United States District Judge